**Jim PENNYWELL, Petitioner,**

v.

**Honorable J. L. McCARREY, Jr., Respondent.**

**No. 15976.**

United States Court of Appeals
Ninth Circuit.

May 8, 1958.

Peter J. Kalamarides, Anchorage, Alaska, Edgar Paul Boyko, San Francisco, Cal., for petitioner.

Wm. T. Plummer, U. S. Atty., Anchorage, Alaska, for respondent.

Before STEPHENS, Chief Judge, and POPE and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This matter is before us on our order to show cause why a writ of prohibition and a writ of mandamus should not issue, and upon respondent's return thereto.

The petitioner, Jim Pennywell, is presently in danger of being apprehended and imprisoned under a bench warrant authorized to be issued by the District Court for the District of Alaska, Third Division. Asserting that the named district court is without jurisdiction in the matter, Pennywell seeks in this proceeding to prohibit respondent, Honorable J. L. McCarrey, Jr., judge of that court, from the further exercise of jurisdiction therein. He also desires an order requiring respondent to vacate his order under which the bench warrant was issued.

The following facts, with indicated exceptions, are not in dispute: On February 1, 1956, Pennywell was arraigned in the magistrate's court, city of Anchorage, on a charge of selling intoxicating liquor without first obtaining a liquor license. This was alleged to be a violation of City Ordinance No. 1031, § 401.3 of the Anchorage General Code. On February 3, 1956, cash bail in the sum of two hundred dollars was posted for Pennywell by W. N. Johnson. Petitioner was convicted of the charge in the magistrate's court on February 8, 1956, and was fined in the sum of two hundred dollars. The magistrate set the bail on appeal in the sum of five hundred dollars. Pennywell gave immediate oral notice of appeal.

Later on that day, Pennywell decided to pay his fine and abandon the appeal. By agreement between Pennywell and Johnson, the latter arranged with the clerk of the magistrate's court to have the two-hundred-dollar cash bail released as such and accepted as payment of the fine.[1] Pennywell later repaid Johnson this sum of money.

Petitioner apparently failed to advise his attorney that he had paid the fine and had abandoned the appeal. The clerk of the magistrate's court also apparently

[1] In his return, respondent denies that the fine was paid on the day oral notice of appeal was given. He further alleges that, after such oral notice was given, the clerk of the municipal court, "without authority," applied to the payment of the fine the bail money deposited by Johnson. Respondent's memorandum opinion, dated April 10, 1958, however, recites that the bail money was applied to the fine on the date Pennywell was convicted and gave oral notice of appeal. The averment in respondent's return, that the transfer of funds to accomplish payment of the fine was "without authority," is not further explained or documented. In an affidavit filed by an assistant city attorney of the city of Anchorage, it is alleged that the fine was paid to the clerk of the magistrate's court "in due course." We will accept this as the fact.

failed to make a sufficient record of this transaction. As a result, the matter of perfecting an appeal to the district court proceeded without interruption. On March 8, 1956, a transcript of the record was filed in the district court. On the same day, an appeal property bond in the sum of five hundred dollars was posted with the clerk of that court. The case was set for trial de novo in the district court on October 29, 1956, before the Honorable Edward P. Murphy, a visiting judge.[2]

Before the date set for trial, the attorney for the city of Anchorage learned that Pennywell had paid his fine in the magistrate's court and had abandoned the appeal. On October 24, 1956, therefore, he filed a motion in the district court to dismiss the appeal. The grounds stated in this motion are that Pennywell "has paid the fine imposed by the magistrate and therefore the appeal is moot. * * " The motion was supported by the affidavit of the clerk of the magistrate's court, to the effect that Pennywell had paid the fine which had been imposed. Responsive to this motion, Judge Murphy, on October 29, 1956, ordered the appeal dismissed.[3] No appeal was taken from this order.

Pennywell, acting on the assumption that the criminal proceedings were at an end, did not, of course, pay the fine a second time. The clerk of the district court, however, construed the district court order of October 29, 1956, as requiring Pennywell to pay to that office the two-hundred-dollar fine which had been already collected by the magistrate's court. Therefore, about seventeen months after entry of the order dismissing the appeal, the clerk requested respondent to issue a bench warrant for Pennywell's arrest. This was done in a routine manner and at a time when twenty other bench warrants were requested, and, in acting thereon, respondent was apparently not made aware of the facts of this particular case.

Pursuant to this request, respondent, on March 20, 1958, ordered that a bench warrant issue for failure to pay the fine. The bench warrant was issued on March 24, 1958, and, on March 28, 1958, Pennywell was arrested.

On the day Pennywell was arrested, his attorney filed a motion to set aside the judgment and all prior proceedings in the district court pertaining to these criminal proceedings.[4] Pennywell was released on his own recognizance pending consideration of the above motion. The motion was argued and denied on the day it was filed—March 28, 1958.[5]

---

2. In respondent's return, it is stated: " * * * Petitioner was unquestionably unaware of the unauthorized application of the bail money to the payment of the fine by the clerk of the municipal court, as he thereafter perfected his appeal to the district court without making any reference to such application of the bail money." While it is probably immaterial, the true explanation seems to be that the appeal was perfected by Pennywell's attorney, who had not been advised by his client or the clerk of the magistrate's court that the fine had been paid.

3. This order is evidenced by a minute entry in the clerk's docket, and two signed orders, all dated October 29, 1956. The minute entry reads: "It is Ordered that Appeal be, and it is hereby, Dismissed." The decretal paragraph of the first signed order reads: "It is Hereby Ordered that the Appeal in the above entitled case be dismissed and Judgment be entered as given below." The second signed order reads: "The above-entitled cause having been dismissed by this Court on the 29 day of October, 1956, and the defendant having paid his fine before having taken an appeal to this court, "Now, Therefore, it is ordered that the judgment of the City Magistrate be and it is hereby entered as the judgment of this Court."

4. This motion was supported by the affidavit of the attorney for the city of Anchorage. It is therein recited that Pennywell paid the fine imposed by the magistrate on the same day that he gave oral notice of appeal. It is also stated that the clerk of the magistrate's court "erroneously forwarded the record of appeal on March 8, 1956, to the Clerk of the District Court. * * * "

5. In denying the motion, the court stated: " * * * This motion is denied as the matter is already res judicata based up-

Counsel for Pennywell, on April 7, 1958, sought to obtain reconsideration of the order of denial entered on March 28, 1958. This request was denied and the court entered an order to the effect that, if Pennywell did not pay the fine to the clerk of that court by 5:00 p. m., on April 11, 1958, a second bench warrant would issue.[6]

On the next day, April 8, 1958, counsel for Pennywell and the attorney for the city of Anchorage again sought reconsideration of the order of March 28, 1958. Again this was refused. Later the same day, counsel for Pennywell wrote to the court, calling attention for the first time to a decision filed in that court on August 30, 1957, by visiting Judge Ernest A. Tolin, in Woo v. City of Anchorage, D.C., 154 F.Supp. 944. In that decision, Judge Tolin held that the city ordinance under which Pennywell was convicted is void. No judgment, however, had been entered in the Woo case.

On April 10, 1958, respondent filed a memorandum opinion taking note of the decision in the Woo case. This opinion closes as follows:

" * * * If counsel for the appellant, or the City of Anchorage, will prepare a proper motion and order recalling the second bench warrant and requesting this court to hold the matter of the payment of the find [fine] into this court in abeyance pending the ultimate determination of the George D. Y. Woo case, supra, the same will be granted."

Instead of following this suggestion, petitioner the next day filed the instant proceeding for writs of prohibition and mandamus.

■ The facts recited above indicate, without doubt, that the orders of the dis-

on the judgment of Judge Murphy heretofore having been entered. This Court obtained jurisdiction over the case and subject at the time it was appealed and has never lost it. The Court hereby directs that the fine be paid to the Clerk of this Court forthwith and failing therein, the Court will issue a bench warrant to re-arrest the Defendant for having

trict court authorizing issuance of bench warrants for the arrest of Pennywell are void. The appeal to the district court became moot as soon as Pennywell, on February 8, 1956, paid in full the fine imposed by the magistrate's judgment of that date. Recognizing this, and acting upon the motion of the appellee in that proceeding, Judge Murphy entered an order dismissing the appeal. The district court was thereafter without jurisdiction to enforce collection of the fine a second time.

It is now too late to challenge the correctness of Judge Murphy's order dismissing the appeal, and respondent does not do so. In any event, what Judge Murphy did is fully sanctioned by what the same district court did in City of Seldovia v. Lund, D.C., 138 F.Supp. 382. There, a defendant took an appeal from a judgment of conviction in which a jail sentence was imposed. He thereafter elected to serve the sentence. This fact did not come to light until near the end of the trial de novo in the district court, and neither counsel even then asked for dismissal.

The court nevertheless dismissed the appeal on its own motion. In his well-reasoned and documented opinion in that case, Judge McCarrey said (at page 383):

"I find that the defendant's right to appeal becomes moot upon his having served the time and/or paid the fine imposed by the lower court. Hanback v. District of Columbia, D.C.Mun.App.1943, 35 A.2d 189; Reed v. United States, D.C.Mun. App., 93 A.2d 568; Gillen v. United States, 9 Cir., 199 F.2d 454; 24 C.J.S. Criminal Law § 1668; 18 A.L.R. 867; Tropp v. State, 17 Okl. Cr. 702, 186 P. 737. * * * *"

failed to pay the fine to this Court. * * * *"

6. On this occasion, the court stated: "If the defendant has paid the fine into the wrong court that is his problem and he will then have a suit against the court which he paid it into to have the same refunded."

The effort of respondent to collect the fine a second time is not based on the ground that the appeal was improperly dismissed. Rather, respondent proceeded on the theory that, an appeal having once been initiated, the dismissal thereof, for whatever reason, resulted in making the judgment of the magistrate's court that of the district court. Because of this, the court held, the judgment could be discharged only by payment of the fine to the clerk of the district court. In this connection, attention is called to the following language contained in one of the orders of October 29, 1956: "* * * The judgment of the City Magistrate be and it is hereby entered as the judgment of this Court." [7]

In our view, neither the quoted language contained in the order, nor the statute from which it was derived, was intended to, or validly could, impose upon Pennywell the duty to pay the fine a second time. Dismissal of an appeal for mootness, because the penalty imposed has been paid, is judicial recognition that the penalty has been validly paid. If validly paid, it cannot be again assessed. That would be not only double jeopardy, but double penalty.

There seems to lurk in the background of this case a controversy between the magistrate's court and the district court as to which court is entitled to receive the fines in cases of this kind. We do not now undertake to pass judgment in any such controversy. We do hold that it is a controversy which does not concern Pennywell. He has paid his penalty in full, and should not be further harassed.

It may well be, as respondent indicates in his memorandum opinion, that entry of a judgment in the Woo case would provide Pennywell with another ground for escaping further sanctions. But Pennywell does not need another ground.

Moreover, he is entitled to the immediate peace of mind which will come with judicial recognition that the jurisdictional ground he now advances entitles him to the relief he seeks.

It is ordered that respondent vacate the order of April 7, 1958, authorizing the issuance of a bench warrant for the arrest of Jim Pennywell, and recall the bench warrant issued thereunder. It is further ordered that respondent be, and he is hereby, prohibited from the further exercise of jurisdiction in the matter of The City of Anchorage, Alaska v. Jim Pennywell, Cr. No. 3384.

---

7. Inclusion of this language in the order was doubtless inspired by § 69–6–9, A.C. L.A.1949, which reads:

"Judgment on appeal. That when an appeal is dismissed the appellate court must give judgment as it was given in the court below, and against the appellant, for the costs and disbursements of the appeal. When judgment is given in the appellate court against the appellant, either with or without trial of the action, it must also be given against the sureties in his undertaking according to the nature and effect thereof."