Clinton B. HOWARD, Appellant,

v.

UNITED STATES of America,
Appellee.

Domenic N. MASTRIPPOLITO,
Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 22349, 22349–A.

United States Court of Appeals
Ninth Circuit.

June 26, 1968.

John J. Bradley (argued), Los Angeles, Cal., for appellant.

Gerald F. Uelmen (argued), Asst. U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Special Prosecutions Division, William M. Bryne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and THOMPSON,* District Judge.

BARNES, Circuit Judge:

Each of the above named appellants was charged with federal gambling tax offenses in a single two-count indictment. In count I Mastrippolito was charged with engaging in the business of accepting wages without paying, and attempting to evade, the occupational wagering tax imposed by section 4411 of the Internal Revenue Code of 1954, in violation of section 7201 of that Code. In the same count I, Howard was charged with aiding and abetting Mastrippolito in the commission of that offense. In count II, Howard was charged with the identical substantive violation and Mastrippolito with aiding and abetting him.

Both defendants were convicted on each count, and after denial of motions for new trials on January 30, 1967, each was sentenced to one-year terms of im-

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

prisonment on each count, the terms to run concurrently.

Thereafter, appellant Howard's sentence was timely modified on February 9, 1967, to provide that he pay a fine of $300.00. On February 15, 1967, a full satisfaction of judgment was filed and entered, no stay of execution having been obtained. This was apparently done without notice to, or knowledge on the part of, Howard's attorney. On February 9, 1967, each defendant filed a notice of appeal. Thereafter there was entered into and approved by the trial judge an agreed statement of facts on appeal.[1] The sentence of appellant Mastrippolito was not modified, and his appeal is presently before us.

The appeal of Howard may well be moot. Pennywell v. McCarrey, 255 F.2d 735, 17 Alaska 580 (9th Cir. 1958); Gillen v. United States, 199 F.2d 454 (9th Cir. 1952) (per curiam). Annot., 74 A.L.R. 638 (1931); Annot., 18 A.L.R. 867 (1922); 24 C.J.S. Criminal Law § 1668 (1961).

"[T]he moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review." St. Pierre v. United States, 319 U.S. 41, 43, 63 S.Ct. 910, 911, 87 L.Ed. 1199 (1943).

However, we prefer not to base our decision to affirm on mootness. Cf. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, decided May 20, 1968, overruling Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). See also: Ginsberg v. State of New York, 390 U.S. 629, n. 2, 88 S.Ct. 1274, 20 L.Ed.2d 195, decided April 22, 1968; United States v. Morgan, 346 U.S. 502, 512–513, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946).

Appellants do not dispute the sufficiency of the evidence against them. They each cite but two cases: Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964) and Ullman v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956). Inasmuch as neither appellant herein claimed his constitutional immunity against self-incrimination, neither of the cited cases is applicable. For the same reason, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968)—although it involved, among other taxes, the occupational wagering tax—is inapplicable. In *Marchetti* the Supreme Court specifically held that the petitioner

"properly asserted the privilege against self-incrimination, and that his assertion should have provided a complete defense to this prosecution. * * * *We emphasize that we do not hold that these wagering tax provisions are as such constitutionally impermissible;* we hold only that those who properly assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with their requirements." 390 U.S. at 60–61, 88 S.Ct. at 709 (emphasis added).

This court has previously held that the defense of privilege against self-incrimination, not having been raised below, cannot be raised for the first time on appeal. Ramirez v. United States, 294 F.2d 277, 283–284 (9th Cir. 1961); Cellino v. United States, 276 F.2d 941, 947 (9th Cir. 1960). But Grosso v. United States, 390 U.S. 62 at 71, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) is to the contrary, and the issue was raised there by the Court, sua sponte. However, here Howard was convicted in count I of aiding and abetting Mastrippolito to evade the law, and Mastrippolito was convicted in count II of aiding

---

1. The stipulated statement of facts is inaccurate as to certain filing dates, which are of no consequence on this appeal. It also refers to appellants' convictions for failing to register under section 4412 of the Code. Appellants were convicted only of evading, and aiding and abetting the evasion of, the occupational wagering tax. Int.Rev.Code of 1954, § 4411.

**74**

and abetting Howard to evade the law. One so accused cannot defend by asserting his co-defendant's privilege against self-incrimination. It is a personal privilege. Rogers v. United States, 340 U.S. 367, 371, 71 S.Ct. 438, 95 L.Ed. 344 (1951). Thus, even if either appellant were allowed to raise his own privilege against self-incrimination for the first time on appeal, it would be a bar only to each substantive act, and not to his conviction for aiding and abetting. The sentences being identical and concurrent, a valid conviction on one count makes a consideration of alleged error on the other count unnecessary. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692 (1929); Fenton v. United States, 308 F.2d 246 (9th Cir. 1962).

The judgments of conviction of each appellant are

Affirmed.