**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ray PALMER, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ray PALMER and Maurice Robert Hettich, Defendants-Appellants.**

**Nos. 71–1596, 71–1597.**

United States Court of Appeals, Sixth Circuit.

March 31, 1972.

Certiorari Denied Oct. 10, 1972.

See 93 S.Ct. 119.

George J. Long, Louisville, Ky., for appellee.

Frank E. Haddad, Jr., Louisville, Ky., for appellants.

Before TOM C. CLARK, Associate Justice,* and PECK and KENT, Circuit Judges.

PER CURIAM.

The Defendants Appellants, Palmer and Hettich, and others not involved here, were charged with violations of 18 U.S.C. § 1955, which prohibits the operation of an illegal gambling business. To constitute an offense under this Section, the gambling business must violate a relevant state or local law, have five or more persons involved in its conduct and be in substantial, continuous operation for more than thirty days or have a gross revenue of $2,000 or more in one single day. Section 1955(c) further provides that for the purpose of securing warrants "probable cause that the business receives gross revenue in excess of $2,000 in any single day shall be deemed to have been established" if five or more persons conduct such business and it operates for two or more succes-

---

* Associate Justice of the Supreme Court of the United States, Retired, sitting by designation.

sive days. Appellants conducted their business at two separate locations in Louisville, Kentucky, and search warrants were issued covering both addresses. The affidavit supporting the search of the location on Fifteenth Street recited that five or more persons were involved in its conduct and that it had been in substantial, continuous operation exceeding thirty days. However, the affidavit supporting the Nineteenth Street search recited that five or more persons were engaged in its conduct but only on two successive days. The affidavit relied on the presumption of § 1955(c) aforesaid. Appellants' primary position is that § 1955(c) is unconstitutional as violative of both the Fourth and Fifth Amendments and that the affidavit in question is not factually sufficient. Other contentions are that the five persons alleged in the affidavits as conducting the gambling business include employees; that § 1955 is hinged on state law, is an unlawful delegation of congressional power and denies equal protection of the law and that the admixture of § 1955 and the Kentucky gambling laws renders the latter unconstitutional in that the Kentucky Constitution provides that no law "shall be enacted to take effect upon the approval of any other authority than the General Assembly." We find no substance in any of these contentions.

■■ Appellants recognize that Congress has the power to provide in a criminal statute that proof of one fact shall constitute presumptive or prima facie evidence of another. The requirement of a rational connection between the fact proved and the fact presumed was the crucial due process test established in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Also see Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Gainey, 380 U. S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). The extensive hearings before the Subcommittee on Criminal Laws and

Procedures of the Senate Committee on the Judiciary 91 Congress, 1st Session, on S. 30 and other bills which culminated in the Organized Crime Control Act of 1970 clearly reveal that "in most or all" of the cases involving raids of gambling establishments, the records seized reflected revenues of these establishments to be "better than $2,000 a day." Report of the Senate Committee on the Judiciary S. R. 91–617, page 400. From these and other available statistics indicating revenues received by such gambling businesses, the Congress could reasonably conclude that a gambling operation with five or more participants doing business for two consecutive days would reap at least $2,000 in revenues in a single day. See 116 Cong.Rec. 603–604. We conclude that this is a permissible inference.

■ Appellants also contend that § 1955(c) creates an irrebuttable presumption that if five or more persons are conducting the business condemned and such business operates for two or more successive days, probable cause is established. The Government answers that there is no irrebuttable presumption in the act and we find none. The Appellants were at liberty to rebut the presumption but elected not to do so. The claim therefore has no merit. Appellants' other contentions are equally without merit. They urge that the five persons engaged in their business were employees and could not be included among those who "conduct, finance, manage, supervise, direct or own all or part of such business . . ." However the Senate Committee Report on the Act specifically states that the term "conduct" refers to both "high level bosses and street level employees." Nor will the contention that the Federal crime hinges on state law and is therefore an unconstitutional delegation of congressional authority stand scrutiny. It was directly rejected in United States v. Compton, 365 F.2d 1 (6 Cir. 1966), involving the phrase "unlawful activity" in 18 U.S.C. § 1952, which employs the same technique as used in § 1955. Also

see United States v. Nardello, 393 U.S. 286, 89 S.Ct. 534, 21 L.Ed.2d 487 (1969) which implicitly approved this procedure. Finally, we conclude that Appellants' contention that § 1955 requires that Federal gambling laws enacted by the Kentucky Legislature take effect only upon the approval of the Congress is entirely frivolous. The relevant Kentucky laws were enacted long prior to § 1955 and insofar as Kentucky law is concerned, the latter has no effect whatever upon their enforcement in Kentucky courts.

Affirmed.