**UNITED STATES of America, Appellee,**

v.

**William F. MEESE, Appellant.**

**No. 72–1709.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1973.

Decided May 31, 1973.

Ronald L. Rothman, Clayton, Mo., for appellant.

Ann T. Wallace, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before MEHAFFY, BRIGHT and ROSS, Circuit Judges.

MEHAFFY, Circuit Judge.

Defendant was convicted of operating an illegal gambling business in violation of 18 U.S.C. § 1955 which prohibits the operation of an illegal gambling business. It defines an illegal gambling business as a gambling business which (a) is a violation of state law; (b) involves five or more persons "who conduct, finance, manage, supervise, direct, or own all or part of such business. . . . .";  and (c) has been in substantially continuous operation in excess of thirty days.

A jury was waived and the facts stipulated in the district court resulting in the conviction by The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

On appeal defendant challenges the constitutionality of the statute on its face and as applied to him. He also challenges the sufficiency of the evidence to support the conviction. We affirm.

As stipulated the evidence showed that defendant owned a partnership interest in and operated a gambling business for a period in excess of thirty days involving fifty-four slot machines. He maintained a warehouse used for storing and repairing the machines and employed from six to nine individuals to operate the business. One of the employees, defendant's wife, was the bookkeeper. Five other employees collected the funds from the machines at their various locations in different clubs. These five employees and another person employed for a period in excess of five months also repaired the machines at the clubs where they were located and at defendant's warehouse. These employees transported the machines between the clubs and the warehouse when necessary. For a period of about three months an additional two employees were employed to act as change-makers at one of the clubs. Half of the salary of these two employees was paid by defendant.

*Constitutionality of § 1955.*

Defendant argues that the statute is unconstitutional on its face since no relationship between intrastate conduct and interstate commerce is required to be shown and that the statute is unconstitutional as applied to him in that no showing that these particular gambling activities affected interstate commerce was made. This court has already held that "[c]onvictions under § 1955 do not require a showing in

each individual case that the gambling activities of a particular defendant have affected commerce. . . . " *Schneider v. United States*, 459 F.2d 540, 541 (8th Cir.), cert. denied, 409 U.S. 877, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972). We further held in *Schneider* that there is a sufficient rational basis for Congress' conclusion that illegal gambling affects interstate commerce. 459 F.2d at 542. We adhere to our holding in *Schneider* [1] which is in accord with *United States v. Becker*, 461 F.2d 230 (2d Cir. 1972), petition for cert. filed, 41 U.S.L.W. 3160 (U.S. July 28, 1972) (No. 72–158); *United States v. Riehl*, 460 F.2d 454 (3d Cir. 1972); *United States v. Harris*, 460 F.2d 1041 (5th Cir.), cert. denied, 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); and *United States v. Palmer*, 465 F.2d 697 (6th Cir.), cert. denied, 409 U.S. 874, 93 S.Ct. 119, 34 L.Ed.2d 126 (1972). Thus, as we held in *Schneider*, the statute is a constitutional exercise of power under the commerce clause and is constitutional as applied to defendant.

Defendant argues that his gambling business was a small one and located within a single county in Missouri; hence, he argues, his illegal activities are not within the intended scope of the statute. In view of our finding that § 1955 is constitutional and since defendant is within the prohibited class, we do not consider the magnitude of the particular activity charged since we are without power " 'to excise as trivial, individual instances' of the class." *Perez v. United States*, 402 U.S. 146, 154, 91 S.Ct. 1357, 1361, 28 L.Ed.2d 686 (1971).

*Sufficiency of the Evidence.*

█ Defendant contends that he is the only person who conducted the business and that the other persons were mere employees; thus, he argues, the statutory requirement that five or more persons conduct the business was not met. We hold that all levels of personnel involved in operating an illegal gambling business and not merely the management level are to be included in determining whether five or more persons conduct such business within the meaning of § 1955. *United States v. Becker, supra; United States v. Riehl, supra; United States v. Harris, supra; United States v. Palmer, supra.*

Finally, defendant contends that the evidence does not show he violated Missouri law, 41 V.A.M.S. §§ 563.370, 563.-374 and 563.380, as charged in the indictment. We find this contention to be without merit.

We have considered other related contentions of defendant and find them to be without merit. Accordingly, the judgment is affirmed.

---

1. We also followed *Schneider* in United States v. Wolk, 466 F.2d 1143 (8th Cir. 1972).