**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Uless Grant MANSON et al.,
Defendants-Appellants.**

No. 73–1055.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1973.

Decided April 9, 1974.

Robert G. Mann, Indianapolis, Ind., for defendants-appellants.

Stanley B. Miller, U. S. Atty., William F. Thompson, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before FAIRCHILD, Circuit Judge, SPRECHER, Circuit Judge, and GRANT,* Senior District Judge.

GRANT, Senior District Judge.

The appellants and several other defendants were indicted as joint participants in an Indianapolis gambling operation. Count I charged that the appellants and seven other defendants engaged in a conspiracy to conduct an illegal gambling business in violation of 18 U.S.C. § 371. Count II charged that the appellants and six of the other defendants engaged in the same illegal gambling business in violation of 18 U.S.C. § 1955. Prior to trial the indictment was dismissed as to the one defendant who was charged only Count I, and as to another defendant who was charged in both Counts I and II, thus leaving seven named defendants in each Count. Appellants Blakey and Manson were tried and found guilty on both counts. In their appeal the appellants challenge: (1) whether the income tax return of an employee of the gambling business should have been admitted in evidence; (2) the constitutionality of 18 U.S.C. § 1955; (3) whether this was an illegal gambling business "conducted by five or more persons" within the meaning of 18 U.S.C. § 1955; and (4) whether the two counts properly charged two separate offenses.

## I

Appellants assert that the trial court violated their Fifth Amendment privilege against self-incrimination when it received into evidence the 1971 Federal Income Tax Return of Irvin Kelly who was alleged to be an employee in the illegal gambling business in question. The return had been obtained from Mr. Kelly by subpoena and was introduced into evidence through the testimony of the accountant who had prepared the return from a W-2 Form and information which had been supplied by appellant Manson.[1]

It is evident that the appellants had no standing to object to the introduction of Mr. Kelly's tax return for the reason that the privilege against self-incrimination is personal and cannot be exercised by anyone other than the person to whom the material in question belongs. Howard v. United States, 397 F.2d 72, 74 (9th Cir. 1968), and Silbert v. United States, 289 F.Supp. 318, 320–321, 325 (D.Md.1968). Nor does the fact that Appellant Manson supplied the information contained on the return to their accountant, in order to comply with tax requirements in the operation of a business, give appellants any standing to object to the introduction of the return. The privilege against self-incrimination is not available to those who turn material over to a retained accountant for the purpose of disclosure in the preparation of tax returns. Couch v. United States, 409 U.S. 322, 337, 93 S. Ct. 611, 34 L.Ed.2d 548 (1973) (Justice Brennan concurring).

## II

Appellants argue that 18 U.S.C. § 1955 is unconstitutional for the reason

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. The return contained statements that Mr. Kelly's principal business activity was "Commission sales", the name of the business was "Uless Manson 35 886P" and the business address was 437 W. North St., Indianapolis, Ind."

that it prohibits gambling businesses, such as the one which they were allegedly involved in, which do not affect interstate commerce. Admittedly, there was no evidence introduced at trial which would indicate that the appellants' gambling activities had any effect whatsoever on interstate commerce. However, accepting the government's interpretation of the facts, the gambling business which the appellants were involved in was large enough to come within the prohibition of 18 U.S.C. § 1955. That statute provides, in pertinent part, as follows:

"§ 1955. Prohibition of illegal gambling businesses

"(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

"(b) As used in this section—

"(1) 'illegal gambling business' means a gambling business which—

"(i) is a violation of the law of a State or political subdivision in which it is conducted;

"(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

"(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day." 84 Stat. 922, 937.

This statute was based on a broad finding by Congress that the gambling enterprises described in the statute have sufficient impact on the interstate economy to warrant prohibition by federal criminal legislation. See 84 Stat. 936. This circuit has held that such finding is sufficient to constitutionally support the statute even when it is applied to individual members of the class whose own activities may not have a demonstrable impact on interstate commerce. United States v. Hunter, 478 F.2d 1019, 1021 (7th Cir. 1973), cert. denied, 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107. This position has been previously adopted in each circuit which had been presented with the issue. United States v. Harris, 460 F.2d 1041, 1043–1048 (5th Cir. 1972), cert. denied, 409 U.S. 877, 93 S. Ct. 128, 34 L.Ed.2d 130; United States v. Palmer, 465 F.2d 697 (6th Cir. 1972), cert. denied, 409 U.S. 874, 93 S.Ct. 119, 34 L.Ed.2d 126; United States v. Becker, 461 F.2d 230, 233–234 (2nd Cir. 1972); United States v. Riehl, 460 F.2d 454, 458 (3rd Cir. 1972); Schneider v. United States, 459 F.2d 540 (8th Cir. 1972).

### III

■■ The appellants have also contended that the evidence failed to establish that there were five or more persons who conducted, financed, managed, supervised, directed or owned all or part of the business in question as required to constitute a violation of 18 U.S.C. § 1955. The parties agree that from the evidence, only the appellants themselves could have been said to have financed, managed, supervised, directed or owned all or part of the business. There were at least three other persons, however, who acted as ticket sellers or runners in the business. Appellants argue that these other persons could not be counted as part of the "five or more persons who conduct, finance, manage, supervise, direct, or own all or part" of the illegal gambling business as required by 18 U.S.C. § 1955. However, this court has recently held that such "street level employees" as ticket sellers and runners are to be counted as persons who "conduct" the illegal gambling business as provided in the statute. *Hunter, supra,* 478 F.2d at 1021. Accordingly, we conclude that the evidence did establish the existence of the required number of persons to constitute a violation of 18 U.S. C. § 1955.

## IV

Finally, the appellants contend that convictions on both Counts cannot stand because they do not charge separate offenses. Clearly, two offenses can only be separately prosecuted and punished if each requires proof of an element which the other does not. In this action, Count I charged that the appellants and other defendants conspired to engage in an illegal gambling business, in violation of 18 U.S.C. § 371. Count II charged that the appellants and other defendants engaged in an illegal gambling business, in violation of 18 U.S.C. § 1955. Seven defendants were tried and convicted on each count.

Some circuits have found that where more than five persons were charged with both conspiracy to violate 18 U.S.C. § 1955 and a substantive violation of § 1955, the offenses were separate and both offenses could be prosecuted.[2] However, in a case where there were thirteen persons charged with both conspiracy to violate § 1955 and substantive violation of the statute, this circuit has recently rejected that argument and pointed out:

> . . . an argument which merely emphasizes the number of the persons charged in the indictment does not identify an element of each offense which adequately differentiates the other. . . . But even though five or more persons are named in the indictment, a charge of conspiracy to violate § 1955 may not be maintained if it comprehends nothing more than the agreement which those persons necessarily performd by the commission of the substantive offense itself. *Hunter, supra*, 478 F.2d at 1026.

As in *Hunter*, we find here "no ingredient in the conspiracy [charged in Count I] which is not present in the completed crime [charged in Count II]".

The judgments of conviction against appellants in Count I are reversed. In all other respects the judgments against appellants are affirmed.

---

2. United States v. Becker, supra, 461 F.2d at 234.