UNITED STATES of America, Plaintiff-Appellee,

v.

George Franklin MACKEY, Jr., Leroy Crist and Michael J. Gouglas, Defendants-Appellants.

No. 76–2500.

United States Court of Appeals, Fifth Circuit.

May 5, 1977.

---

Robert J. Randolph, Stuart, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Don R. Boswell, Nathaniel H. Speights, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

George Franklin Mackey, Jr., Leroy Crist and Michael Gouglas raise one issue on this appeal from their convictions for conducting and conspiracy to conduct an illegal gambling operation in violation of 18 U.S.C. §§ 371 & 1955. Defendants contend that reversible error occurred when the trial court failed to strike testimony of witnesses who were unindicted coconspirators with the defendants but who were not disclosed as such in response to a pre-trial bill of particulars filed under Fed.R.Crim.P. 7(f). Finding no error we affirm.

The gambling operation involved the selling of bolita tickets, a form of "numbers game" gambling. The scheme involved two separate weekly betting pools, one based on a number drawn and one on a number calculated. Tickets sold on Tuesdays would involve bets on any number from one to ninety-nine. This was known as the "Puerto Rican number" because in Puerto Rico at approximately 11:00 A.M. on Wednesdays a number is drawn in connection with the legal, government-operated lottery in that country. Two designated digits from this lengthy number formed the winning number for this gambling operation. In addition to the "Puerto Rican number" was that the government referred to as the "dog number." Bets on this number were taken each Friday and Saturday. The winning number was derived by adding together all payoffs from bets at a parimutuel racetrack in Dade County, Florida. The first two numbers to the left of the decimal in the resulting sum were then used, in inverse order, as the winning number for this gambling operation. Four street sellers of these tickets testified against the defendants. Their function in the scheme was to receive the money from bettors and record each bet. The bolita tickets and money were then turned over to others in the conspiracy. Two of the sellers testified to receiving five percent of the total bets they

sold while the other two allegedly retained fifteen percent of their sales. No single street seller was able to implicate all three defendants. Objections were lodged against this testimony and defendants moved to strike it. The government does not contend that the conviction can stand in the absence of this testimony.

Count I of the indictment alleged that defendants did

> knowingly, wilfully and unlawfully combine, conspire and agree together and with each other and with Stephen S. Horton, an unindicted coconspirator, together with other persons to the Grand Jury unknown, to commit offenses against the United States, to-wit: violations of Section 1955, Title 18, United States Code
> . . . .

Before trial defendants presented a motion for bill of particulars in which, *inter alia,* were sought "the names of any unindicted coconspirators not known to the Grand Jury at the time of the indictment, but now known to the Government." This request was granted by the magistrate and no review of his order was sought from the trial court. The names of the four street sellers who testified were not disclosed by the Government. When objections were offered to their testimony, the court rejected the Government's argument that they were not unindicted coconspirators. However, after holding a hearing in which the court attempted to ascertain what prejudice to the defendants had resulted from this failure to respond properly to the court's order, the court ruled that permitting the testimony to stand did not prejudice the defendants' rights.

During the hearing, the defendants alleged that the testimony was a complete surprise to them as they had been led to believe the only testimony from a participant in the gambling operation would come from the one unindicted coconspirator named in the indictment, Stephen S. Horton. Had defendants been prewarned, it is alleged the witnesses would have been questioned before trial and preparations made to offset their statements. Yet the defendants admit that even now no specific item of information usable as cross-examination or otherwise has become known to them since these witnesses testified.

■ On appeal, the Government again contends that these street sellers were not indictable as coconspirators. If they were not, then no error occurred in retaining their testimony. This court has previously considered the breadth of the language in 18 U.S.C. § 1955 that the gambling operation prohibited by the statute must involve "five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business. . . . " The operative word in the section for purposes here is "conduct." The Report to the House Committee on the Judiciary, H.R.Rep. No. 91–1549, 91st Cong., 2nd Sess., *reprinted in* [1970] U.S.Code Cong. & Ad.News, pp. 4007, 4029 was quoted as authority in *United States v. Harris,* 460 F.2d 1041 (5th Cir.), *cert. denied,* 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972);

> [This] section applies generally to persons who participate in the ownership, management, or conduct of an illegal gambling business. The term "conducts" refers both to high level bosses and *street level employees.* It does not include the player in an illegal game of chance, nor the person who participates in an illegal gambling activity by placing a bet. [Emphasis supplied]

The street sellers here were within the ambit of those conducting a gambling business in violation of § 1955. *Accord, United States v. Tarter,* 522 F.2d 520 (6th Cir. 1975); *United States v. Meese,* 479 F.2d 41 (8th Cir. 1973); *United States v. Hunter,* 478 F.2d 1019 (7th Cir.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107 (1973); *United States v. Becker,* 461 F.2d 230 (2d Cir. 1972), *vacated on other grounds,* 417 U.S. 903, 94 S.Ct. 2597, 41 L.Ed.2d 208 (1974); *United States v. Riehl,* 460 F.2d 454 (3rd Cir. 1972); *see also United States v. Joseph,* 519 F.2d 1068 (5th Cir. 1975), cert. denied, 424 U.S. 909, 96 S.Ct. 1103, 47 L.Ed.2d 312 (1976). Contrary to the Government's contention, these prece-

dents do not merely allow street level employees to be numbered in the five necessary for existence of the substantive offense; they also hold that these individuals are guilty of the offense of conducting an illegal gambling operation. Indeed, the language describing who may be convicted under the statute restates the "conduct, finance, manage, supervise, direct or own" description of the five individuals required to establish an illegal gambling operation. The street sellers were therefore properly considered conspirators in the commission of the substantive offense under 18 U.S.C. § 371 (1966) and as unindicted coconspirators whose names were ordered to be furnished to defendants. *United States v. Becker, supra.*

■ The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution. *United States v. Martinez,* 466 F.2d 679 (5th Cir. 1972), *cert. denied,* 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). Informing the defendant of the names of alleged unindicted coconspirators has been held a proper use of a bill of particulars. *United States v. Dioguardi,* 332 F.Supp. 7 (S.D.N.Y.1971); *United States v. Rosenstein,* 303 F.Supp. 210 (S.D. N.Y.1969); *cf., United States v. White,* 50 F.R.D. 70 (N.D.Ga.1970), *aff'd,* 450 F.2d 264 (5th Cir. 1971), *cert. denied,* 405 U.S. 1072, 92 S.Ct. 1523, 31 L.Ed.2d 805 (1972).

■ The granting of a bill of particulars is addressed to the sound discretion of the trial court, *Wong Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927), and the exercise of this discretion cannot be reversed on appeal unless the court concludes that the "defendant was actually surprised at the trial and thus that substantial rights of his were prejudiced by the denial." 1 C. Wright, Federal Practice & Procedure, § 130 at 295 (1969); *United States v. Bearden,* 423 F.2d 805 (5th Cir.), *cert. denied,* 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970). Professor Wright continues by observing "for practical purposes the trial court's exercise of discretion is almost invariably final." 1 C. Wright, *supra* at 296; *see also Tillman v. United States,* 406 F.2d 930, 939 (5th Cir.), *vacated on other grounds,* 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969). The determination of whether to impose a specific sanction for violation of its own orders is even more surely within the discretion of the ordinary court. The magistrate, acting pursuant to the authority of the district court, made an order in this case requiring the government to disclose the names of these unindicted coconspirators. The government failed to comply with that order. The defendants asked that the trial court impose the sanction of excluding their testimony from consideration by the jury. However in support of this request defendants advanced only a general assertion that if the names to be furnished had been revealed, these potential witnesses might have been contacted before their testimony was adduced. The court refused to deprive the jury of the benefit of this testimony because defendants could not even suggest any specific prejudice that had resulted from the failure to disclose the names of these persons. This being so, we cannot say that the court abused its discretion in allowing the unnamed persons to testify.

We determine solely the question of whether the trial court abused its discretion in the ruling presented here. We do not undertake to delineate the ambit of a district court's discretion to impose some other sanction if faced with a similar procedural default or this sanction where prejudice is shown.

AFFIRMED.