AMOS L. MAZZANT, UNITED STATES DISTRICT JUDGE
This matter is before the Court on Defendants Laura and Mark Jordan's Motion to Dismiss Counts One Through Four of the Indictment [Dkt. # 61] and Motion for Bill of Particulars [Dkt. # 62], which, after careful consideration, will be denied.
INTRODUCTION
Defendant Laura Jordan ("Ms. Jordan")[1] served as mayor of the City of Richardson from May 2013 to April 2015. The City of Richardson is a government and political subdivision in Texas that received over $ 10,000 in federal assistance each year from 2013 to 2015. As mayor, Ms. Jordan was empowered to vote as part of the Richardson City Council for proposals on zoning changes, among other matters. The Government alleges that, during her term, Ms. Jordan voted to approve apartment development projects-against the wishes of her constituents-in exchange for cash, sex, luxury hotel stays, and other items and services from Co-Defendant Mark Jordan ("Mr. Jordan"), a real estate developer. It now charges the Jordans with seven counts:
• Conspiracy to Commit Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1349 ("Count 1");
• Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346 ("Counts 2-4");
• Conspiracy to Commit Bribery Concerning a Program Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B) ("Count 5");
• Bribery Concerning Program Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B) ("Count 6"); and
• Bribery Concerning Program Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(2) ("Count 7")
(Dkt. # 1 at pp. 1, 22-26).
LEGAL STANDARDS
I. Motion to Dismiss
An indictment is subject to dismissal for the Government's failure to state an offense. See FED. R. CRIM. P. 12(b)(3)(B). This means that, taking the Government's allegations as true, United States v. Fontenot , 665 F.3d 640, 644 (5th Cir. 2011), the indictment must state the elements of each offense and facts "sufficient to permit the defendant to plead former jeopardy in a subsequent prosecution," United States v. Contris , 592 F.2d 893, 896 (5th Cir. 1979). Indictments are read as a whole and assessed on "practical rather than technical considerations." See ids="53139" index="7" url="https://cite.case.law/f2d/592/893/#p896">id. "[T]he law does not compel a ritual of words." United States v. Ratcliff , 488 F.3d 639, 643 (5th Cir. 2007). As such, an indictment will not be dismissed based on minor *779 deficiencies or because it "could have been more artfully or precisely drawn." Contris , 592 F.2d at 896.
II. Motion for Bill of Particulars
A defendant may move "for a bill of particulars within 14 days after arraignment or at a later time if the court permits," FED. R. CRIM. PRO. 7(f). Whether to grant these motions is left to the Court's discretion. See United States v. Mackey , 551 F.2d 967, 970 (5th Cir. 1977). A bill of particulars may be ordered if one is needed "to inform defendant and defense counsel of the facts constituting the offenses charged," see Hickman v. United States , 406 F.2d 414, 415 (5th Cir. 1969), but "is not required if the defendant is otherwise provided, inter alia , with sufficient information to enable him to prepare his defense and avoid surprise. Accordingly, the criteria for the sufficiency of an indictment and for whether a district court erred (abused its discretion) in denying a bill of particulars are very similar." See United States v. Moody , 923 F.2d 341, 351 (5th Cir. 1991).
ANALYSIS
The Jordans argue that the Indictment should be dismissed or, alternatively, supplemented by a bill of particulars. They contend that the Indictment fails to plead an essential element for the commission of honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346 (Counts 2-4) and, as a result, also fails to plead a conspiracy to engage in that fraud in violation of 18 U.S.C. § 1349 (Count 1). Section 1343 criminalizes "schemes to defraud," which § 1346 defines to include schemes to deprive the public of honest services. To save § 1346 from being impermissibly vague, in Skilling v. United States , the Supreme Court interpreted "honest services" narrowly "to encompass only bribery and kickback schemes." 561 U.S. 358, 412, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010). The Supreme Court found this interpretation definite and consistent with congressional intent because § 1346 was "draw[n] from federal statutes proscribing-and defining-similar crimes." See id. at 412-13, 130 S.Ct. 2896. The Fifth Circuit has since held that prosecutions for honest services wire fraud under §§ 1343, 1346 may be based on violations of an underlying federal or state bribery or kickback statute. See United States v. Teel , 691 F.3d 578, 584 (5th Cir. 2012) ("[W]e read Skilling as recognizing that § 1346 prosecutions may involve misconduct that is also a violation of state law.").
The Jordans insist that-to charge them with honest services wire fraud under §§ 1343, 1346 -the Indictment must identify the underlying bribery or kickback statute at issue. But the Fifth Circuit has rejected this precise argument, reasoning that, to establish an honest services violation under §§ 1343, 1346, the Government must prove that the defendant engaged in conduct amounting to the violation of some legal duty to not offer or accept bribes-not a particular statute. See United States v. Caldwell , 302 F.3d 399, 406-07 (5th Cir. 2002) ("The government correctly points out that the Brumley court did not hold that the state-law source of the right to honest services must be alleged in the indictment. Rather, this court held that, properly interpreted, 'honest services' are services owed to an employer under state law and thus, that the government must prove that the defendant deprived the employer of such services.") (citing United States v. Brumley , 116 F.3d 728, 735 (5th Cir. 1997) ).[2] An indictment *780 therefore pleads each "element" of a §§ 1343, 1346 violation by alleging conduct that would amount to a violation of any federal or state bribery statute-whether or not that statute is identified at that time. See id.[3] After all, although there are three different bribery statutes which the Jordans may have violated, each statute merely provides a different means to commit the same offense: honest services wire fraud under §§ 1343, 1346. And, under Federal Rule of Criminal Procedure 7(c)(1), a "count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." See FED. R. CRIM. P. 7(c)(1) ; United States v. Markee , 425 F.2d 1043, 1047-48 (9th Cir. 1970), cert. denied , 400 U.S. 847, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970) (explaining that, by requiring an indictment to set forth the essential facts needed to apprise the defendant of the crime charged-but not the theory on which those facts will be proved at trial- Rule 7"eliminat[es] the use of multiple counts for the purpose of alleging the commission of a single offense by different means or different ways").[4]
The question, then, is whether the Indictment alleges conduct that would amount to a violation of any state or federal bribery statute in support of the charge for honest services wire fraud under §§ 1343, 1346. In this case, the Indictment alleges a scheme in which Ms. Jordan, as the Mayor of Richardson, exchanged votes on an unpopular development project in exchange for cash, sex, and hotel stays from Mr. Jordan, the developer. This is sufficient since the Jordans have not argued-nor does the Court have reason to conclude-that this conduct would not violate either a state or federal bribery statute.
The Jordans, in fact, make the opposite argument-that, because the bribery scheme supporting the §§ 1343, 1346 charges could amount to a violation under any one of three different bribery statutes-the Indictment impedes their ability to prepare for trial. The Jordans contend that each of the potential bribery statutes at issue- 18 U.S.C. § 201, 18 U.S.C. § 666, and TEX. PENAL CODE § 36.02 -have different elements:
Bribery under § 201, for instance, requires receiving something of value corruptly to influence a public official's performance of an "official act." 18 U.S.C. § 201(b). It requires a specific quid pro quo.
*781 United States v. Sun-Diamond Growers of Cal. , 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999) ; United States v. Nagin , 810 F.3d 348, 351 (5th Cir. 2016). And the "official act" at issue must relate to something more specific and focused than a broad policy objective. McDonnell v. United States , --- U.S. ----, 136 S.Ct. 2355, 2368, 195 L.Ed.2d 639 (2016).
Meanwhile "bribery" under § 666 requires a thing of value be given corruptly with intent to influence a government agent's decision in connection with any business transaction of a program that has received federal funds. 18 U.S.C. § 666(a)(2).
And finally, "bribery" under Texas law requires the knowing or intentional giving of a "benefit as consideration" for the recipient's "decision, opinion, recommendation, vote, or other exercise of discretion as a public servant." TEX. PENAL CODE § 36.02.
(Dkt. # 61 at p. 6).
The Court is unconvinced-even assuming that, contrary to the Fifth Circuit's decision in Caldwell , the Indictment must identify the specific bribery statute supporting a §§ 1343, 1346 charge. As the Government notes (Dkt. # 68 at p. 9), the first bribery statute, 18 U.S.C. § 201, concerns "bribery of federal officials," United States v. Grace , 568 F. App'x 344, 350 (5th Cir. 2014), making it inapplicable to this case. See United States v. Ramirez , 233 F.3d 318, 323 (5th Cir. 2000), overruled on other grounds by United States v. Cotton , 535 U.S. 625, 629-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (finding the indictment sufficient-even though it did not specify which of three assault offenses was specifically charged under a particular statute-because the allegations supporting the indictment made it clear which assault offense was charged). And the remaining bribery statutes, 18 U.S.C. § 666 and TEX. PENAL CODE § 36.02, are substantially similar. Both target bribes used to influence state and local officials. The only notable distinction immediately apparent from the Jordans' characterization of the statutes is that, unlike its state law equivalent, a bribe under § 666(a)(2) must be made in connection with "a government agent's decision in connection with any business transaction of a program that has received federal funds." Compare 18 U.S.C. § 666(a)(2)with TEX. PENAL CODE § 36.02.[5] This additional requirement is immaterial since (1) the Indictment pleads that the City of Richardson received more than $ 10,000 in government funds (Dkt. # 1 at p.1), and (2) Counts 5-7 of the Indictment, which the Jordans have not objected to, separately charges the Jordans for violating 18 U.S.C. § 666 largely based on the same allegations. See FED. R. CRIM. PRO. 31(c) ("A defendant may be found guilty of ... (1) an offense necessarily included in the offense charged."). The Court cannot find, based on a practical reading of the §§ 1343, 1346 honest services wire fraud charges, that the Jordans could not reasonably prepare for trial simply because the Indictment did not specify the state or federal statute that will be used to define bribery. See United States v. Jones , No. EP-09-CR-1567-FM, 2011 WL 6980831, at *8 (W.D. Tex. Aug. 15, 2011) (finding, in a different context, that the jury instructions' use of the federal bribery statute, rather than the state statute referenced in the indictment, was immaterial since "the jury found Jones and Sanchez guilty based on the exactly the same conduct described in the Indictment and for the same reason, with the only difference being the technical definition of bribery that applied."); see *782 also United States v. Uni Oil, Inc. , 646 F.2d 946, 954 (5th Cir. 1981) (finding an indictment sufficient where it "contain[ed] copious facts which adequately apprise the defendants of the nature of the charges against them," even though it did not "delineate the elements of commercial bribery."). This is especially true because the Court intends to hold the Government to its representation that it will define bribery pursuant to a particular statute in its proposed jury instructions (Dkt. # 61 at p. 8)[6] -despite the Government's apparent refusal to do so in the proposed instructions just filed (Dkt. # 81 at p. 3).
CONCLUSION
Accordingly, the Court DENIES Defendants Laura and Mark Jordan's Motions to Dismiss [Dkt. # 61] and for a Bill of Particulars [Dkt. # 62], and DIRECTS the Parties to submit Amended Proposed Jury Instructions by Wednesday, February 5, 2019 at 5:00 p.m.
IT IS SO ORDERED.

The Court refers to Laura Jordan by her present name, though notes that the Indictment refers to her as "Laura Maczka," her name at the time the events in the Indictment occurred (Dkt. # 1 at p.1).

Although Caldwell was decided before the Supreme Court clarified how "honest services" should be interpreted, the Court see no reason why the Fifth Circuit would find differently now. See United States v. Dimora , 829 F.Supp.2d 574, 594 (N.D. Ohio 2011) ; United States v. Terry , No. 1:10CR390, 2011 WL 2111127, at *9-*10 (N.D. Ohio May 26, 2011) (citing Caldwell , after Skilling was decided, to find an indictment for honest services wire fraud sufficient even though it did not identify a particular statute that was violated). The Eighth Circuit has, in fact, continued to find charges for honest services wire fraud sufficient despite more serious omissions. See, e.g. , United States v. Redzic , 627 F.3d 683, 688-89 (8th Cir. 2010), cert. den'd , 563 U.S. 956, 131 S.Ct. 2126, 179 L.Ed.2d 926 (2011) (finding an indictment charging the defendants with a scheme to defraud under § 1343 sufficient even though it did not specify that the defendants had defrauded the public of "honest services" (rather than money or property) under § 1346-let alone the underlying bribery or kickback statute the defendants purportedly violated).

See also United States v. Delaughter , No. 3:09-002GHD-SAA-2, 2009 WL 1424424, at *3 (N.D. Miss. May 18, 2009) ; Dimora , 829 F.Supp.2d at 594 ; Terry , 2011 WL 2111127, at *9-*10 (each citing Caldwell to find an indictment for honest services wire fraud sufficient even though it did not identify a particular statute that was violated).

See also United States v. Burgin , 621 F.2d 1352, 1359 (5th Cir. 1980) (explaining that a bill of particulars "is not designed to compel the government ... to explain the legal theories upon which it intends to rely at trial.").

Although there appear to be other distinctions, the Jordans have not explained why these distinctions are meaningful.

More specifically, the Government states in its Opposition brief that "an indictment alleging honest services fraud need not identify a specific bribery statute that underlies the government's theory of honest-services fraud under 18 U.S.C. §§ 1343, 1346, 1349. That's not to say that the government won't do so in its proposed jury instructions ... [T]he pattern instruction provides that bribery be defined under any one of various federal or state statutes. The government has informed the defense that it will so define bribery in its proposed jury instructions. See Exhibit 1. When it does , the defendants' motions will be moot (Dkt. # 68 at p. 8) (emphasis added; footnote omitted).