**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jewel ROWLAND, Defendant-Appellant.**

No. 78–5078.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1978.

Decided Feb. 9, 1979.

Jef Feibelman, Memphis, Tenn., for defendant-appellant.

W. J. Michael Cody, U. S. Atty., W. Hickman Ewing, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before WEICK, ENGEL and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

Defendant, Jewel Rowland, a telephone company employee, appeals from his conviction in the United States District Court for the Western District of Tennessee for "conducting" an illegal gambling business in violation of 18 U.S.C. § 1955 (1976) and for conspiring to do so in violation of 18 U.S.C. § 371 (1976). He was sentenced to pay a $250 fine on each of the two offenses. He was also sentenced to serve five days of a six months suspended sentence and to perform volunteer work four hours a week for one year. We affirm the convictions.

Regarding the substantive gambling offense, defendant argues that the evidence is not sufficient to establish his role as one who "conducts . . . all or part of an illegal gambling business." 18 U.S.C. § 1955(a). Rowland's own admissions and other evidence provide a factual basis for the jury to find beyond a reasonable doubt that Rowland made his apartment available to associates knowing that they were conducting gambling activities on the premises and using Rowland's telephone for this purpose. On several occasions, Rowland took bets over his telephone and relayed the information to his bookmaker associates. This degree of participation is sufficient to establish Rowland's guilt under the statute. United States v. Leon, 534 F.2d 667 (6th Cir. 1976); United States v. Fino, 478 F.2d 35, 38 (2d Cir. 1973), cert. denied 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223 (1974).

Defendant also contends that, because the proof does not show that he had a "financial interest" in the gambling enterprise or profited from it, he is not criminally liable under § 1955. The argument runs counter to the overwhelming weight of authority that anyone who participates in a gambling business—other than a mere bettor—is subject to criminal liability under § 1955. See e. g., Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 2182 n.26, 57 L.Ed.2d 43 (1978); United States v. Bennett, 563 F.2d 879, 880–81 (8th Cir.), cert. denied, 434 U.S. 924, 98 S.Ct. 403, 54 L.Ed.2d 282 (1977), citing, inter alia, United States v. Leon, 534 F.2d 667 (6th Cir. 1976). Dicta in United States v. Tartar, 522 F.2d 520, 526 (6th Cir. 1975) that a defendant must be shown to have a specific "financial interest" in the gambling operation appears inconsistent with the Supreme Court's opinion in the Sanabria case, supra. See also United States v. Becker, 461 F.2d 230, 232–33 (2d Cir. 1972), vacated on other grounds, 417 U.S. 903, 94 S.Ct. 2597, 41 L.Ed.2d 208 (1974); United States v. Joseph, 519 F.2d 1068, 1071 (5th Cir. 1975), cert. denied, 424 U.S. 909, 96 S.Ct. 1103, 47 L.Ed.2d 312 (1976). The government need not prove as

an element of the crime that the defendant received or intended to receive a salary, commission or other monetary payment or profit from the venture. The pleasure of participation and association in a gambling enterprise which otherwise meets the statutory test is sufficient.

Rowland's challenge to his conspiracy conviction is premised entirely on his claim that he was not guilty of the substantive offense under 18 U.S.C. § 1955. The premise is flawed, and the argument therefore fails. The Supreme Court's opinion in *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) (Mr. Justices Douglas, Brennan, Stewart and Marshall dissenting), holds squarely that the substantive offense under § 1955 is separate from a conspiracy to commit the offense and may be separately punished. In order to be guilty of the conspiracy offense, a defendant need not have intended to receive a monetary profit so long as he had knowledge of the object of the conspiracy and intended to agree to participate in bringing the object about. *See Developments in the Law of Criminal Conspiracy,* 72 Harv.L.Rev. 921, 930–33 (1959).

Accordingly, it is ORDERED that the judgment of conviction be and hereby is affirmed.