**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Buster MERRELL, Defendant-Appellant.**

**No. 82–1182.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 18, 1983.

Decided March 4, 1983.

Certiorari Denied July 6, 1983.
See U.S. 103 S.Ct. 3558.

Paul Borman (argued), Miriam L. Siefer, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Christopher A. Andreoff, Sp. Atty., Detroit Strike Force, Michael Mueller (argued), Detroit, Mich., for plaintiff-appellee.

Before, KENNEDY, CONTIE and WELLFORD, Circuit Judges.

CONTIE, Circuit Judge.

Buster Merrell appeals his conviction under 18 U.S.C. § 1955 for conducting an illegal gambling business. He was sentenced to two years probation. We affirm.

The facts are undisputed. Between May 11, 1979 and April 19, 1980, government agents undertook surveillance of 19733 Omira, Detroit, Michigan. The authorities suspected that illegal gambling was occurring on the premises. After photographing and videotaping activity transpiring outside the address, the agents legally planted a video camera and microphone within the house and tapped two telephones. The videotape, which was the main prosecution evidence at trial, clearly indicated that an illegal dice game was being operated every Monday and Friday night during the time period in question.

On April 19, 1980, government agents raided the premises and arrested Merrell and others. Thirteen persons were charged with violating both 18 U.S.C. § 1955, conducting an illegal gambling business, and 18 U.S.C. § 371, conspiracy to commit the underlying substantive offense. Trial of all defendants commenced on December 14, 1981. Three days into the proceedings, eight defendants pleaded guilty. They were the lessor of the premises, the game operator, three dealers and three watchmen/doormen. The remaining five, including Merrell, waived their right to a jury trial.

The district court acquitted four of the defendants on both counts because they were mere bettors whose actions were not proscribed by section 1955. Although Merrell was acquitted of conspiracy, he was convicted of the substantive offense. The district court found that appellant performed several jobs which aided the gambling operation. For instance, Merrell regularly served coffee to bettors during gambling sessions. Immediately after these sessions, he usually stacked tables and chairs, swept the floors, cleaned ash trays and replaced the tables and chairs in preparation for future sessions. The sole issue raised on appeal is whether section 1955 makes criminal the waiters' and janitors' functions performed by the defendant.[1]

The Supreme Court has stated that section 1955 "proscribes any degree of participation in an illegal gambling business, except participation as a mere bettor." *Sanabria v. United States,* 437 U.S. 54, 70 n. 26, 98 S.Ct. 2170, 2182, 57 L.Ed.2d 43 (1978). The courts of appeals have also recognized that only customers are outside the purview of the statute. *See, e.g., United States v. Leon,* 534 F.2d 667, 676 (6th Cir.1976); *United States v. Reeder,* 614 F.2d 1179, 1182 (8th Cir.1980). Section 1955 covers both "high level bosses and street level employees." 1970 *U.S.Code Cong. & Ad.News* 4007, 4029. Thus, this circuit has held that runners, telephone clerks, salesmen, dealers, doormen and watchmen "conduct" gambling businesses within the meaning of the statute. *Leon, supra* at 676. Since performing janitorial and service functions is not mere gambling,[2] the question is whether Merrell's actions constitute "participation" in an illegal enterprise under the *Sanabria* test.

Merrell contends that his conduct does not amount to participation. He relies pri-

---

**1.** The record does not indicate whether Merrell was compensated for his services. The point is insignificant because the government need not prove that appellant was paid in order to obtain a conviction. *United States v. Rowland,* 592 F.2d 327 (6th Cir.1979).

**2.** The record reflects that in addition to his other activities, Merrell did gamble. The *Sanabria* exception to criminal liability only ap-

plies, however, to those whose sole role is that of bettor. Persons who wager and otherwise participate in the operation may be prosecuted because the contrary result would encourage a subterfuge, *i.e.,* all participants could avoid liability by placing an occasional bet. *See United States v. Colacurcio,* 659 F.2d 684, 688 (5th Cir.1981).

marily on *United States v. Boss,* 671 F.2d 396 (10th Cir.1982), in which the tenth circuit held that waitresses whose sole function was to serve drinks both to dance hall patrons and to gamblers in an adjacent room were not subject to prosecution under section 1955. The *Boss* court reasoned that the statute only reached conduct strictly necessary to the operation of a gambling business. To extend the statute further allegedly might ensnare persons that Congress never intended. Since a gambling enterprise can operate without waitresses serving drinks to bettors, the waitresses were not conducting a gambling business within the meaning of the statute.

Merrell argues that under the *Boss* necessity test, runners, dealers, guards and the like may be prosecuted because such persons either are integral to the efficient operation of a gambling enterprise or provide security and protection. A gambling business could not long operate without them. Conversely, such an enterprise could easily function without the services of waiters or janitors. Merrell therefore asserts that the conviction should be reversed.

 The major flaw in appellant's argument is that the strict necessity test has only been adopted by the *Boss* court. The prevailing rule is that one "conducts" a gambling business if that person performs any act, duty or function which is necessary *or helpful* in operating the enterprise. *See United States v. Colacurcio,* 659 F.2d 684, 688 (5th Cir.1981); *United States v. Tucker,* 638 F.2d 1292, 1296 (5th Cir.), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 111 (1981); *United States v. Greco,* 619 F.2d 635, 638 (7th Cir.1980); *United States v. Reeder,* 614 F.2d 1179, 1182 n. 2 (8th Cir. 1980); *United States v. Bennett,* 563 F.2d 879, 882 n. 4 & 883 (8th Cir.1977). Merrell's actions clearly aided the gambling operation involved here. By serving coffee, appellant helped the bettors to continue wagering without interruption. *See Tucker, supra* at 1296; *Bennett, supra* at 883. By cleaning up and preparing the gambling area for future sessions, appellant helped to provide an attractive place for bettors to congregate in order to wager. In light of the authorities from the fifth, seventh and eighth circuits, we hold that persons who regularly aid gambling enterprises should be subject to prosecution under section 1955 even though their conduct may not be strictly necessary to the success of such businesses.[3] Since the *Boss* case ruled to the contrary, we decline to follow it.

Upholding the district court's judgment will not result in future convictions of persons that Congress never intended. The record clearly indicates that appellant regularly and consistently performed his duties. That fact distinguishes this case from the situation in which, for example, a mere bettor serves a drink or helps to clean up in an isolated instance. Secondly, and unlike the situation in *Boss,* Merrell regularly worked for an enterprise whose sole purpose was to promote illegal wagering. Consequently, appellant cannot reasonably claim that he unknowingly or unwittingly facilitated gambling.

Since appellant knowingly and regularly aided the gambling business in question, the district court acted properly in convicting him. Accordingly, the judgment is AFFIRMED.

---

**3.** The fifth circuit stated in *Tucker, supra* that persons employed by gambling enterprises on a continuous basis, and whose duties require them directly to serve gamblers, are subject to prosecution under section 1955. Appellant's conduct fits that description.