No. 82–6645.   MERRELL v. UNITED STATES.   C. A. 6th Cir.   Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Between May 11, 1979, and April 19, 1980, the Federal Bureau of Investigation maintained surveillance of certain premises in Detroit that were suspected of being the site of an illegal gambling operation. The surveillance, which entailed videotaping and recording activities and conversations, revealed an illegal dice game. As a result, 13 people were charged with violation of 18 U. S. C. § 1955* and conspiracy under 18 U. S. C. § 371. Eight codefendants, the lessor of the premises, the game operator, three dealers, and three watchmen, pleaded guilty after three days of trial. The remaining five codefendants waived a jury for the rest of the trial. Four of them were acquitted of all charges because they were "mere bettors." The evidence presented by the Government concerning petitioner established that he regularly served coffee to bettors during the gambling sessions; after the sessions he stacked tables and chairs, swept the floor, cleaned ashtrays, and repositioned the tables and chairs. Petitioner was convicted of the substantive offense of conducting an illegal gambling business, but acquitted of conspiracy.

On appeal, petitioner claimed that his activities did not justify his conviction. The Court of Appeals held that the

---

*Title 18 U. S. C. § 1955 provides, in pertinent part:

"Prohibition of illegal gambling businesses

"(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

"(b) As used in this section—

"(1) 'illegal gambling business' means a gambling business which—

"(i) is a violation of the law of a State or political subdivision in which it is conducted;

"(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

"(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day."

proper standard to employ in resolving petitioner's claim is whether he performed "any act, duty or function which is necessary or *helpful* in operating the enterprise." 701 F. 2d 53, 55 (1983). That holding conflicts with the decision in *United States* v. *Boss,* 671 F. 2d 396, 400 (CA10 1982), where it was held that the proper standard is whether the person performs "a function . . . necessary to the illegal gambling business." That court interpreted the term "conduct" to require "some actual involvement in the gambling operation," *ibid.,* and found that neither a waitress, a bartender, nor a band member could be considered "conductors" under § 1955, *id.,* at 402.

There is a significant difference between activities that are "necessary" to the operation of an illegal gambling establishment and those that are only "helpful." The *Boss* case involved the question whether waitresses who served drinks to the bettors in the illegal gambling establishment as well as to customers in the adjacent dance hall were "conductors" within the meaning of § 1955. The Tenth Circuit found they were not because their functions were not necessary, but merely helpful. I do not find that case distinguishable from the present one. The difference between conviction and acquittal should not rest on whether an illegal gambling establishment existed in isolation or was concealed within another, legal, establishment. If a waitress who functions solely as a waitress in an illegal gambling establishment could not be convicted under § 1955, as the Tenth Circuit has held, then a waiter/janitor who functions solely as a waiter/janitor should not be convicted either.

Because a case involving a conflict among the courts of appeals concerning the standard to be applied in determining criminal liability involves either the unjust conviction of an innocent person or the frustration of congressional intent to criminalize specific conduct, it necessarily presents an important question. Certiorari should be granted, and the case should be set for argument. I dissent.