968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny PURSLEY, Defendant-Appellant.
 No. 91-6426.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Danny Pursley was convicted for aiding and abetting an illegal gambling operation and for conspiring to obstruct the enforcement of the criminal laws of a state. On appeal, Pursley argues that there was insufficient evidence to convict him.
 
 
 2
 Pursley, Chief of Vice and Intelligence for the Metropolitan Nashville Police Department, was indicted with three co-defendants and friends, John Parker, William Parker, and Thomas Parker. From 1986 until 1990, the Parkers operated a gambling business at their convenience store, taking bets on a variety of sporting events. Throughout this period, Pursley visited the store on a regular basis, placing bets with the Parkers. Pursley also knew that the Parkers were taking bets from others, including a police officer from the Department. Under the Parkers' betting scheme, when a bettor lost, the bettor paid the Parkers an additional ten percent of the original bet. When Pursley bet and lost, however, the Parkers never required Pursley to pay the fee.
 
 
 3
 In the summer of 1989, Officer Steve Bumpus of the Department investigated gambling in the Nashville area. In his investigation, Bumpus uncovered seventeen locations that he suspected were operating numbers, including the Parkers' store. While attending a meeting about another location under investigation, Pursley heard Bumpus read the list of the seventeen locations under suspicion. Pursley met with Bumpus after the meeting and twice assured Bumpus that no gambling was taking place at the Parkers' store. In September of 1989, Pursley discovered that Bumpus had continued to investigate the Parkers' store. Pursley informed the Parkers that their store was under surveillance. During the winter months, the Department received anonymous tips concerning Pursley's association with a gambling business. Department officials confronted Pursley with this information and on several occasions he denied that gambling was taking place at the Parkers' market. Subsequently, Pursley and the Parkers were charged with violation of gambling laws.
 
 
 4
 The Parkers pleaded guilty to charges of conspiring to operate an illegal gambling business. The jury convicted Pursley on charges of conspiring to obstruct enforcement of state criminal laws and aiding and abetting the operation of an illegal gambling business. The court sentenced Pursley to imprisonment for fifteen months for each conviction, to be served concurrently. The court also imposed two years of supervised release following the fulfillment of Pursley's term of imprisonment.
 
 
 5
 Pursley claims that the evidence was insufficient to sustain both of his convictions. Upon our review of the record, we find that there was sufficient evidence such that a rational trier of fact could have found that the government proved, beyond a reasonable doubt, the existence of the essential elements of the charge of conspiracy to obstruct enforcement of the criminal laws of the state. The record reveals that (1) Pursley knew that his life-long friends were operating an illegal gambling operation, (2) Pursley, as the Chief of Vice and Intelligence for the Department, knew that he had information that would aid and assist the Department's ongoing investigation of illegal gambling activities in Nashville, (3) Pursley repeatedly lied to his superiors and fellow officers about the existence of gambling at the Parkers' store, (4) Pursley's statements to the Department were not based on confusion or even misstatements of the truth, but were intentional attempts to direct the focus of an ongoing investigation away from the Parkers' store, and (5) Pursley told the Parkers that their store was being investigated. These facts amply support a finding that Pursley conspired to obstruct the enforcement of the criminal laws of the state.
 
 
 6
 We also find that there was sufficient evidence such that a rational trier of fact could have found that the government proved, beyond a reasonable doubt, the existence of the essential elements of the charge of aiding and abetting. Section 1955 of Title 18 of the United States Code " 'proscribes any degree of participation in an illegal gambling operation, except participation as a mere bettor.' " United States v. Merrell, 701 F.2d 53, 54 (6th Cir.), cert. denied, 463 U.S. 1230 (1983) (quoting Sanabria v. United States, 437 U.S. 54, 70 n. 26 (1978)). Any person who "performs any act, duty or function which is necessary or helpful in operating the enterprise" is considered to be conducting a gambling operation. Merrell, 701 F.2d at 55. Pursley admitted that he knew that the Parkers were conducting illegal gambling activities in their store. Pursley warned the Parkers of the pending investigation, allowing them to move the operation from their store to their home in an attempt to circumvent the scrutiny of the Department. Pursley gave false information to the Department concerning the Parkers' activities in an attempt to dissuade the Department from further investigation. This action clearly benefitted the Parkers by delaying the investigation. Had Pursley been successful in completely preventing the investigation, his interaction would have been a boon to the Parkers' gambling operation. Pursley also benefitted from the gambling operation by betting without having to pay the ten percent fee to the Parkers. In light of the Merrell standard of culpable participation, we find that these facts, as well as the rest of the record, support a finding that a rational trier of fact could find that the government proved the essential elements of the crimes beyond a reasonable doubt.
 
 
 7
 We affirm the decision of the district court.